IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STANLEY N TAVORN,

      Plaintiff,

v.                                                    CASE NO. 5:12-cv-253-MP-GRJ

J. D. SLOANE, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Stanley N. Tavorn, an inmate presently confined at Gulf Correctional Institution, initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper (Docs. 1 and 2).  Plaintiff alleges that his constitutional rights have been violated due to the conditions of confinement in administrative and disciplinary segregation at Gulf C.I.  Plaintiff alleges that he has been denied toilet paper, toothpaste, a fingernail clipper, showers, soap, pens, exhaust fans, cell cleaning, medications, and food.  He alleges that he has been denied all personal property.  Plaintiff contends that he has been bitten by ants, spiders, mosquitos, and other insects.  He asserts that two corrections officers have threatened his life.  Plaintiff seeks compensatory and injunctive relief.  Doc. 1.

A review of Plaintiff's previous federal cases reflects that he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]  Accordingly, Plaintiff is barred from

---

[1] *See, e.g., Tavorn v. Beard*, Case No. 4:10-cv-225-RH-GRJ (N.D. Fla. 12/1/10) (dismissing case pursuant to three-strikes bar, and recounting strikes); *Tavorn v.*

proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

According to the Eleventh Circuit, the relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).   General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception.  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Based upon a review of the complaint as a whole, the Court concludes that the allegations fail to establish that Plaintiff is in imminent danger of serious physical injury.

_____

*Shannon,* Case No. 10-cv-80315 (S.D. Fla. 6/29/10) (dismissing case pursuant to three-strikes bar, and recounting strikes).

In particular, Plaintiff's claims pertaining to the deprivation of personal property and hygiene items do not establish any imminent danger.  Plaintiff's claims that he has been denied food and medication, that he has been bitten by insects, and that guards have threatened him are conclusional and are not supported by any specific factual allegations.

In view of Plaintiff's *pro se* status and the serious nature of such allegations, the Court afforded Plaintiff an opportunity to file an Amended Complaint alleging specific facts showing why Plaintiff satisfies the "imminent danger" exception to the three strikes bar.   Doc. 4.  The Court directed Plaintiff to file his Amended Complaint on or before September 17, 2012, failing which this case would be dismissed without further notice. As of the date of this Report, Plaintiff has failed to file an Amended Complaint.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That leave to proceed as a pauper be **DENIED.**

2.  That pursuant to 28 U.S.C § 1915(g), this case be **DISMISSED WITHOUT PREJUDICE** because Plaintiff is subject to the three-strikes bar, and for failure to prosecute.

**IN CHAMBERS** this 1st day of October 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**